**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

**CASE NO.:**

JEREMY NICHOLL,

              Plaintiff,

v.

SECURITY STUDIES GROUP,

              Defendant.

---

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff JEREMY NICHOLL by and through his undersigned counsel, brings this Complaint against Defendant SECURITY STUDIES GROUP for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1.      Plaintiff JEREMY NICHOLL ("Nicholl") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Nicholl's original copyrighted Work of authorship.

2.      Born in Northern Ireland, Jeremy Nicholl began his career in London, rapidly gaining a reputation as one of the UK's leading news photographers. In 1986 he was invited to join a proposed new national newspaper, the Independent, becoming a core member of an award winning editorial team.

3.      In 1989 he left the paper to concentrate on longer term documentary photography, and since 1991 has specialised in reportage from across Russia and the Former Soviet Union, while taking time out to work on assignment photography and personal projects elsewhere.

4.      Nicholl's work has appeared in a wide range of publications around the world and been shown at numerous international festivals and exhibitions. He has also won a number of awards, including World Press Photo and Interfoto, Russia's leading contest for professional photographers.

5.      In addition to his assignments for leading international publications he is known for generating his own projects. Although best known for classical 35mm photojournalism, Nicholl also shoots in medium format for portrait and documentary photography, and has a reputation as one of the most versatile photographers working today.

6.      Defendant SECURITY STUDIES GROUP ("SSG") is an online website for journalism that seeks to defend American values against threats to national security by sharing information concerning counter terrorism, information operations, and national security policy. At all times relevant herein, SSG owned and operated the internet website located at the URL: https://securitystudies.org/  (the "Website").

7.      Nicholl alleges that SSG copied Nicholl's copyrighted Work from the internet in order to advertise, market and promote its business activities.  SSG committed the violations alleged in connection with SSG's business for purposes of advertising and promoting sales to the public in the course and scope of the SSG's business.

<u>**JURISDICTION AND VENUE**</u>

8.      This is an action arising under the Copyright Act, 17 U.S.C. § 501.

9.      This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

10.      Defendant is subject to personal jurisdiction in Virginia.

11.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendant engaged in

infringement in this district, Defendant resides in this district, and Defendant is subject to personal jurisdiction in this district.

**<u>DEFENDANT</u>**

12.     Security Studies Group is a Virginia corporation, with its principal place of business at 2765 Fort Scott Dr, Arlington, VA 22202, and can be served by serving its Registered Agent, James R. Hanson, 2776 Arlington Mill Road, Unit # 198, Arlington, VA 22206.

**<u>THE COPYRIGHTED WORK AT ISSUE</u>**

13.     In 2017, Nicholl created the photograph entitled ru135302.jpg, which is shown below and referred to herein as the "Work".



14.     Nicholl registered the Work with the Register of Copyrights on December 21, 2012 and was assigned the registration number VA 1-849-083.  The Certificate of Registration is attached hereto as Exhibit 1.

15.     Nicholl's Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets.

16.     At all relevant times Nicholl was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY DEFENDANT

17.     SSG has never been licensed to use the Work at issue in this action for any purpose.

18.     On a date after the Work at issue in this action was created, but prior to the filing of this action, SSG copied the Work.

19.     The Work was used by SSG on teh Website as both a preview for an article as well as the header at the top of the same article dated June 22, 2017, by David Reaboi and entitled: *Areas of Conflict and Cooperation in Our Relationship with Russia*.

20.     SSG copied Nicholl's copyrighted Work without Nicholl's permission.

21.     After SSG copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its promotion of articles.

22.     SSG copied and distributed Nicholl's copyrighted Work in connection with SSG's business for purposes of advertising and promoting SSG's business, and in the course and scope of advertising and selling products and services.

23.     Nicholl's Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

24.     SSG committed copyright infringement of the Work as evidenced by the documents attached hereto as Exhibit 2.

25.     Nicholl never gave SSG permission or authority to copy, distribute or display the Work at issue in this case.

26.     Nicholl notified SSG of the allegations set forth herein on June 5, 2020 and August 27, 2020.  To date, SSG has failed to respond to Plaintiff's Notices.  Copies of the Notices to SSG are attached hereto as Exhibit 3.

27.     To date, the Work remains listed on SSG's Website.

28.     The Work remains listed at: https://securitystudies.org/areas-of-conflict-and-cooperation-in-our-relationship-with-russia/red-square-and-kremlin-palace-during-snow-picture/ ("ongoing infringement"). The ongoing infringement is attached hereto as Exhibit 4.

COUNT I
**COPYRIGHT INFRINGEMENT**

29.     Nicholl incorporates the allegations of paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30.     Nicholl owns a valid copyright in the Work at issue in this case.

31.     Nicholl registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

32.     SSG copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Nicholl's authorization in violation of 17 U.S.C. § 501.

33.     SSG performed the acts alleged in the course and scope of its business activities.

34.     SSG's acts were willful.

35.     Nicholl has been damaged.

36.     The harm caused to Nicholl has been irreparable.

WHEREFORE, the Plaintiff Jeremy Nicholl prays for judgment against the Defendant Security Studies Group that:

a.        Defendant and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b.        Defendant be required to pay Plaintiff his actual damages and SSG's profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. § 504;

c.        Plaintiff be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

d.        Plaintiff be awarded pre and post-judgment interest; and

e.        Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: May 5, 2021                    Respectfully submitted,

**SCHLEIFMAN LAW, PLC**

By: */s/ Paul S. Schleifman*　　　　　　　

Paul S. Schleifman, VA Bar No. 23353
1001 19th Street North, Suite 1200
Arlington, VA 22209
T: 703.528.1021
pschleifman@schleifmanlaw.com
*Counsel for Plaintiff Jeremy Nicholl*