IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JEREMY NICHOLL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:21cv0563 (TSE/JFA) |
| | ) |
| SECURITY STUDIES GROUP, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS**

This matter is before the court on plaintiff Jeremy Nicholl's ("plaintiff" or "Nicholl") motion for default judgment (Docket no. 8) against defendant Security Studies Group ("defendant" or "SSG"). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

**Procedural Background**

On May 5, 2021, plaintiff filed a complaint alleging that defendant infringed on his copyrighted work by copying and displaying the work on defendant's website to advertise, market, and promote its business activities. ("Compl.") (Docket no. 1). The complaint seeks injunctive relief, actual damages and disgorgement of defendant's profits or, alternatively, statutory damages, interest, attorney's fees, and costs. (Compl. at 6).

On May 6, 2021, a summons was issued for service on defendant. (Docket no. 3). On July 8, 2021, plaintiff filed a return of service confirming that defendant was served through its registered agent, James R. Hanson, on June 29, 2021. (Docket no. 5). In accordance with Federal Rule of Civil Procedure 12(a), defendant's responsive pleading was due on July 20,

2021, twenty-one (21) days after defendant was served with a copy of the summons and complaint. Defendant has not filed a responsive pleading and the time for doing so has expired.

On July 29, 2021, plaintiff filed its request for entry of default as to defendant pursuant to Federal Rule of Civil Procedure 55(a). (Docket no. 6). On July 30, 2021, the Clerk of Court entered default as to defendant pursuant to Federal Rule of Civil Procedure 55(a). (Docket no. 7). On January 21, 2022, plaintiff filed a motion for default judgment with an attached memorandum and declarations of Jeremy Nicholl and Joseph A. Dunne. (Docket nos. 8, 8-1, 8-2, 8-3). On January 26, 2022, plaintiff filed a waiver of hearing on his motion for default judgment. (Docket no. 9). On January 26, 2022, this court entered an order requiring that plaintiff file a certificate of service indicating that defendant had been served with the pleadings and noticing the motion for a hearing. (Docket no. 10). Plaintiff had not complied with the court's order as of March 7, 2022, and the court set the motion for hearing on March 25, 2022 at 10:00 a.m. (Docket no. 12). At the hearing on March 25, 2022, counsel for plaintiff appeared, but no one appeared on behalf of defendant.

## Factual Background

The following facts are established by the complaint. Plaintiff is a documentary photographer who specializes in reportage within Russia and the former Soviet Union. (Compl. ¶¶ 2–3). Defendant is an online journalism website that publishes information relating to national security issues. (Compl. ¶ 6). Defendant is a Virginia corporation with its principal place of business in Virginia. (Compl. ¶ 12).

In 2007, plaintiff created a photograph entitled "ru135302.jpg" (the "Copyrighted Work"). (Compl. ¶ 13; Docket no. 1-2). Plaintiff registered the Copyrighted Work on December 21, 2012 and received a Certificate of Registration, Registration Number VA 1-849-083.

(Compl. ¶ 14; Docket no. 1-2). At some point after the Copyrighted Work was created, defendant copied it and used it on its website as a preview for an article and as the header at the top of the article, which was dated June 22, 2017. (Compl. ¶¶ 18–19; Docket no. 1-3). Defendant has never been licensed to use the Copyrighted Work, and defendant copied it without plaintiff's permission. (Compl. ¶¶ 17, 20, 25). Defendant made further copies of the Copyrighted Work and distributed them online to promote the sale of goods and services as part of defendant's promotion of its articles. (Compl. ¶¶ 21–22; Docket no. 1-3). Plaintiff notified defendant of its alleged infringement by email on June 5, 2020 and August 27, 2020. (Compl. ¶ 26; Docket no. 1-4). As of the filing of the complaint, defendant had not responded to plaintiff's notices, and the Copyrighted Work remained listed on defendant's website. (Compl. ¶¶ 26–28; Docket no. 1-5).

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Based on defendant's failure to file a responsive pleading, the Clerk of Court has entered a default as to defendant. (Docket no. 7).

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any

allegation by evidence, or investigate any other matter when necessary to enter or effectuate judgment.

### Jurisdiction and Venue

A court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment. Plaintiff brings this cause of action under the Copyright Act of 1976, 17 U.S.C. § 501. (Compl. ¶ 8). This court has subject matter jurisdiction over the claim under 28 U.S.C. §§ 1331 (federal question) and 1338 (copyright). This court also has personal jurisdiction over defendant because defendant engaged in infringement in Virginia and resides in Virginia. (Compl. ¶¶ 11–12). Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in this District, and defendant resides in this District. (Compl. ¶ 11).

Given that defendant is in default, and therefore admits the factual allegations in the amended complaint, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that this court has personal jurisdiction over defendant, and that venue is proper in this court.

### Service

Pursuant to Federal Rule of Civil Procedure 4(h), a corporation, partnership, or other unincorporated association may be served in a judicial district of the United States: (1) in the manner prescribed in Rule 4(e)(1) for serving an individual; or (2) by delivering the summons and complaint to an officer, manager, or general agent, or any other agent authorized by law to receive service of process. On June 29, 2021, plaintiff's process server personally served the summons on James R. Hanson, defendant's registered agent. (Docket no. 5). Based on the

foregoing, the undersigned recommends a finding that service of process has been accomplished in this action.

## Grounds for Entry of Default

In accordance with Federal Rule of Civil Procedure 12(a), defendant was required to file a responsive pleading by July 20, 2021, twenty-one (21) days after defendant was served with a copy of the summons. No responsive pleading has been filed by defendant and the time for doing so has expired. On July 29, 2021, plaintiff filed a request for entry of default against defendant by the Clerk of the Court pursuant to Federal Rule of Civil Procedure 55(a). (Docket no. 6). Plaintiff's request for entry of default against defendant did not include a certificate of service indicating that a copy of the filing had been sent to defendant. The Clerk of Court entered a default against defendant on July 30, 2021. (Docket no. 7).

On January 21, 2022, plaintiff filed a motion for default judgment with an attached memorandum and declarations of Jeremy Nicholl and Joseph A. Dunne. (Docket nos. 8, 8-1, 8-2, 8-3). Plaintiff's motion for default judgment again did not include a certificate of service indicating that a copy of the filings had been sent to defendant. On January 26, 2022, the court entered an order requiring that plaintiff file a certificate of service confirming that defendant had been served with a copy of the pleadings. (Docket no. 10). Plaintiff did not comply with the court's January 26, 2022 order prior to the March 25, 2022 hearing on his motion for default judgment. The court did send a copy of the order setting this motion for a hearing to defendant's registered agent. (Docket no. 12). At the hearing on March 25, 2022, plaintiff's counsel represented that he believes defendant was sent a copy of the motion for default judgment but could not confirm. For these reasons, the undersigned magistrate judge recommends a finding

that the Clerk of Court has properly entered a default as to defendant and that defendant has notice of these proceedings.[1]

## **Liability**

According to Federal Rule of Civil Procedure 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because defendant failed to file a responsive pleading and is in default, it admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6).

As alleged in the complaint, defendant willfully infringed upon plaintiff's Copyrighted Work in violation of 17 U.S.C. § 501. (Compl. ¶¶ 29–36). To establish a case of direct copyright infringement, plaintiff must establish two elements: (1) ownership of the copyright; and (2) that the alleged infringer violated at least one exclusive right granted to the copyright holder. 17 U.S.C. §§ 106, 501(a); *see also Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

First, the facts set forth in the complaint establish that plaintiff owns the copyright to the Copyrighted Work at issue in this matter, as enumerated in Exhibit 1 to the complaint (Docket no. 1-2). Plaintiff created the Copyrighted Work in 2007 and registered it on December 21, 2012, receiving a Certificate of Registration, Registration Number VA 1-849-083. (Compl. ¶¶ 13–14; Docket no. 1-2). Second, on or before June 22, 2017, defendant placed the Copyrighted Work on its website and used it to promote the sale of goods and services as part of its promotion of its articles. (Compl. ¶¶ 18–22; Docket no. 1-3). Plaintiff has further established that the infringement was willful, and that defendant copied the Copyrighted Work for the express

---

[1] Defendant will be provided with a copy of this proposed findings of fact and recommendations, and it will have fourteen (14) days thereafter to respond.

6

purpose of advertising and promoting its business and selling products and services. (Compl. ¶ 22). Based on the foregoing, the undersigned recommends a finding that plaintiff has established defendant's liability for copyright infringement of the Copyrighted Work at issue in this action.

### Relief Sought

Plaintiff's motion for default judgment and incorporated memorandum in support seeks: (i) $150,000.00 or, alternatively, $57,645.00 in statutory damages; (ii) a permanent injunction enjoining defendant from infringing activities; (iii) $5,737.50 in attorney's fees; and (iv) $510.79 in costs. (Docket no. 8-1 at 11–12). Plaintiff asserts that his actual damages are $19,215 but that they are insufficient. (Docket no. 8-1 at 8).

**Statutory Damages**

Pursuant to 17 U.S.C. § 504, a prevailing copyright owner may elect to recover either actual damages and wrongful profits or, alternatively, statutory damages. *See Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1003 (E.D. Va. 1985). Plaintiff argues that actual damages are insufficient here because they fail to take into account (1) the loss of value to the Copyrighted Work's exclusivity due to the infringement, and (2) defendant's potential profits, which are unknown to plaintiff due to defendant's failure to respond. (Docket no. 8-1 at 7–8). Plaintiff estimates that a licensing fee for defendant's use of the Copyrighted Work would have been approximately $3,843.00, representing three (3) years of use at an annual fee of $1,281.00. (Docket nos. 8-1 at 7–8, 8-2 at 3–4). Plaintiff claims that the licensing fee figure does not consider how the exclusivity of the photograph increases its value, and he claims that his actual damages are $19,215, which consists of the licensing fee and a "scarcity multiplier of 5." (Docket nos. 8-1 at 7–8, 8-2 at 3–4).

Plaintiff alleges that defendant willfully infringed on its Copyrighted Work and that a statutory damages award would be appropriate. (Docket no. 8-1 at 9). Under 17 U.S.C. § 504(c)(1), a copyright owner may recover "an award of statutory damages for all infringements involved in the action, and with respect to any one work, . . . in a sum of not less than $750 or more than $30,000 as the court considers just" for unintentional infringement.[2] For infringement committed willfully, the court "may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). Plaintiff seeks the maximum damages award of $150,000 or, alternatively, $57,645, which represents his estimated actual damages with "a 3x multiplier." (Docket no. 8-1 at 9).

Based on defendant's undisputed and willful infringement of plaintiff's Copyrighted Work, the undersigned believes that statutory damages of $19,215 are appropriate. Section 504(c)(1) gives the court broad discretion to determine a reasonable award of damages within the statutory limits. *See F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 231–32 (1952). In cases of knowing and deliberate infringement, it is common practice to award more than the statutory minimum and more than the infringer would have paid in licensing fees. *See EMI Apr. Music, Inc. v. Rodriguez*, 691 F. Supp. 2d 632, 636 (M.D.N.C. 2010). Here, defendant benefited from three years of infringing use of plaintiff's Copyrighted Work and failed to respond to multiple notices of alleged infringement. (Docket no. 8-2 at 3–4). Although it appears that defendant removed the Copyrighted Work from the June 22, 2017 article at some point, it still appears on defendant's website. (Docket no. 8-2 at 3; Compl. ¶ 28). Under these

---

[2] The minimum award of statutory damages may be reduced to $200 in the event an "infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright." 17 U.S.C. § 504(c)(2). However, the alleged infringer bears the burden of proof under section 504(c)(2). Because defendant has neither appeared in this action nor filed a responsive pleading, the undersigned does not consider such a reduction.

8

circumstances, the undersigned agrees with plaintiff's claim that damages of $3,843.00 representing three years of licensing fees would be insufficient. (Docket no. 8-1 at 7–8). An award equal to five times the typical licensing fee is also more likely to deter future copyright infringement than an award of the licensing fees alone. *See Graduate Mgmt. Admission Council v. Raju*, 267 F. Supp. 2d 505, 511 (E.D. Va. 2003). Given defendant's willful infringement, the undersigned recommends a finding that statutory damages in the amount of $19,215 are reasonable.

**Permanent Injunction**

The Copyright Act provides the court with the power to grant injunctions in order to prevent or restrain infringement of a copyright. 17 U.S.C. § 502(a). In order for the court to provide injunctive relief, "a plaintiff must show (1) irreparable injury, (2) remedies at law are inadequate to compensate for that injury, (3) the balance of hardships between plaintiff and defendant warrants a remedy, and (4) an injunction would not disserve the public interest." *Raub v. Campbell*, 785 F.3d 876, 885 (4th Cir. 2015) (internal quotation marks omitted) (quoting *Monsanto Co. v. Geerston Seed Farms*, 561 U.S. 139, 156–57 (2010)).

Regarding the first prong, "[i]rreparable injury often derives from the nature of copyright violations, which deprive the copyright holder of intangible exclusive rights." *Christopher Phelps & Assocs., LLC v. Galloway*, 492 F.3d 532, 544 (4th Cir. 2007). As alleged in the complaint, defendant has made plaintiff's Copyrighted Work available on its website for an extended period of time. (Compl. ¶¶ 17–28). As a result, plaintiff's Copyrighted Work has been exposed to widespread infringement. Because defendant's infringement has made it unlikely that plaintiff will ever gain exclusive control over his Copyrighted Work, plaintiff has suffered irreparable harm. *See EMI Apr. Music, Inc. v. White*, 618 F. Supp. 2d 497, 510 (E.D. Va. 2009).

Regarding the second prong, "the requisite analysis . . . inevitably overlaps with that of the first." *MercExchange, LLC v. eBay, Inc.*, 500 F. Supp. 2d 556, 582 (E.D. Va. 2007). Here, absent an injunction, defendant's continued use of plaintiff's Copyrighted Work on its website makes any calculation of future damages entirely speculative. *See generally Galloway*, 492 F.3d at 544 ("[W]hile the calculation of future damages and profits for each future [infringement] might be possible, any such effort would entail a substantial amount of speculation and guesswork that renders the effort difficult or impossible . . . ."). Accordingly, plaintiff has demonstrated that any remedy at law is inadequate.

The court must next consider whether the remedy of an injunction is warranted given the balance of hardship between plaintiff and defendant. Here, defendant would only suffer the hardship of conforming its actions to comply with the Copyright Act if an injunction is entered. On the other hand, plaintiff faces great difficulty in enforcing his copyrights absent an injunction. Consequently, the balance of hardship weighs in favor of issuing a permanent injunction.

Finally, the court must consider whether the public interest favors a permanent injunction. Here, an injunction would prevent copyright infringement, which in turn furthers the public's interest in preserving the integrity of copyright laws. *See Apple Comput., Inc. v. Franklin Comput. Corp.*, 714 F.2d 1240, 1255 (3d Cir. 1983) ("Since Congress has elected to grant certain exclusive rights to the owner of a copyright in a protected work, it is virtually axiomatic that the public interest can only be served by upholding copyright protections . . . .") (internal quotation marks and citation omitted).

For these reasons, the undersigned recommends that defendant be enjoined from continuing to infringe plaintiff's Copyrighted Work.

**Attorney's Fees and Costs**

Pursuant to section 505 of the Copyright Act, the court may authorize the recovery of full costs and an award of reasonable attorney's fees to the prevailing party in a copyright action. 17 U.S.C. § 505. Plaintiff requests attorney's fees and costs in the amount of $5,737.50 in attorney's fees (comprised of 16.5 hours of labor at billing rates of $150.00 to $450.00 per hour) and $510.79 in costs (comprised of the $402 filing fee, process-service fees of $91.30, and $17.49 in shipping fees). (Docket no. 8-3). After reviewing the applicable submissions by counsel, the undersigned recommends a finding that plaintiff is the prevailing party and plaintiff's request for $5,737.50 in attorney's fees and $510.79 in costs is reasonable. Accordingly, the undersigned recommends that plaintiff be awarded $6,248.29 in attorney's fees and costs, consisting of $5,737.50 in attorney's fees and $510.79 in costs.

## Conclusion

For these reasons, the undersigned magistrate judge recommends that a default judgment be entered in favor of Jeremy Nicholl and that an order be entered that enjoins Security Studies Group from infringing plaintiff's Copyrighted Work. The undersigned further recommends that judgment be entered against Security Studies Group in the amount of $25,463.29 (consisting of $19,215.00 in statutory damages and $6,248.29 in attorney's fees and costs).

## Notice

By means of the court's electronic filing system and by mailing a copy of this proposed findings of fact and recommendations to James R. Hanson at 2765 Fort Scott Dr., Arlington, Virginia 22202, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the

11

substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

ENTERED this 25th day of March, 2022.

                                                        /s/
                                      John F. Anderson
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia